## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZEESHAN ALI,<br><br>                *Plaintiff,*<br><br>        v.<br><br>BUREAU OF DEMOCRACY, HUMAN<br>RIGHTS AND LABOR,<br><br>                *Defendant.* | No. 23-cv-1126 (DLF) |

## <u>ORDER</u>

Zeeshan Ali alleges that the Department of State's Bureau of Democracy, Human Rights, and Labor (DRL) wrongfully terminated his employment and defamed him.  Compl., Dkt. 1. Before the Court is DRL's Motion to Dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Mot. to Dismiss, Dkt. 13.  For the reasons that follow, the Court will grant the defendant's motion.

On October 11, 2022, Ali began working as the Project Director in Pakistan for the Global Rights Compliance Foundation, a labor-rights organization funded by DRL.  Compl. ¶¶ 2–3.  The job was based in Pakistan, where Ali lives.  *Id.* at I.A, ¶ 2.  Shortly thereafter, a DRL employee told the Foundation that Ali "had been difficult towards female colleagues" in a former job at another organization funded by DRL.  *Id.* ¶ 3.  The Foundation investigated this claim and became "convinced that [Ali] had not committed anything wrong."  *Id.* ¶ 4–7.  But the "DRL representative was adamant and further pressurized [the Foundation] to rescind [his] contract."  *Id.* ¶ 7.  On October 20, 2022, the Foundation terminated Ali's employment.  *Id.*  Seeking recourse, Ali emailed the DRL bureau chief, filed a complaint with the Office of the Inspector General, and

contacted the Equal Employment Opportunity Commission and the Office of Civil Rights—to no avail. *Id.* ¶ 9; Resp. to Mot. to Dismiss at 2, Dkt. 14. On April 23, 2023, he filed a pro se complaint in this Court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, seeking $10,240,000 in damages. Compl. III ¶ 11, IV.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish subject-matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). When deciding a Rule 12(b)(1) motion, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Four jurisdictional defects thwart Ali's FTCA claims. The FTCA waives sovereign immunity for claims for money damages for some, but not all, torts. *See* 28 U.S.C. §§ 1346(b)(1), 2680. Sovereign immunity is not waived for extraterritorial torts. *Id.* § 2680(k). Nor is it waived for certain intentional torts. *Id.* § 2680(h). The United States is the only proper defendant in an FTCA action. *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 5 n.3 (D.D.C. 2016). And a plaintiff must exhaust his administrative remedies before bringing an FTCA action. 28 U.S.C. § 2675(a); *Norton v. United States*, 530 F. Supp. 3d 1, 6-7 (D.D.C. 2021).

First, Ali's claims fall outside the scope of the FTCA because they arise in Pakistan, a foreign country. "[T]he FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." *Sosa v.*

*Alvarez-Machain*, 542 U.S. 692, 712 (2004); 28 U.S.C. § 2680(k).  For a period, several circuit courts read a "headquarters" exception into this rule for "acts or omissions occurring [in the United States] which [had] their operative effect in another country."  *Sosa*, 542 U.S. at 701 (citation omitted).  But in 2004, the Supreme Court clarified that the "headquarters analysis should have no part in applying the foreign country exception."  *Id.* at 710.  Though Ali concedes that his injury occurred abroad, he casts his claims as "Headquarters claims," on the strength of six cases pre-dating the Supreme Court's decision.  Resp. at 2–7.   Because Ali's alleged injury was suffered abroad, his FTCA claims are barred.

Second, Ali sued the wrong defendant. "The United States of America is the only proper defendant in a suit under the FTCA." *Chandler*, 226 F. Supp. at 1, 5 n.3; *Kucera v. CIA*, 347 F. Supp. 3d 653, 660 (D.N.M. 2018) ("[A] federal agency like the CIA is not a proper defendant in an FTCA action."). Ali sued an office within an agency, the Department of State's Bureau for Democracy, Human Rights, and Labor—not the United States.

Third, Ali has not shown that he exhausted his administrative remedies. The FTCA requires a plaintiff to "present[] the claim to the appropriate Federal agency and . . . be[] finally denied by the agency in writing" or see the claim go unresolved for six months before he files a lawsuit. 28 U.S.C. § 2675(a). "[E]xhaustion is a jurisdictional requirement," *Mensaw-Yawson v. Raden*, 170 F. Supp. 3d 222, 233 (D.D.C. 2016) (citing *GAF Corp. v United States*, 818 F.2d 901, 917–20 (D.C. Cir. 1987)), and "a plaintiff's failure to heed that clear statutory command warrants dismissal," *id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (quotation marks omitted)).  Ali alleges that he complained to several government entities: the DRL bureau chief, the Inspector General, the Equal Employment Opportunity Commission.  Compl. ¶ 9.  But he does not allege that he complained to the appropriate government agency: the State Department itself.

Nor does he alleged that he submitted a Standard Form 95: Claim for Damage, Injury, or Death to the Department of State's Office of the Legal Adviser, which is the proper procedure for compliance with the Federal Tort Claims Act's exhaustion requirement in this suit. *Tort Claims Against the U.S. Department of State*, U.S. Dep't of State, https://perma.cc/4H8N-6JUR. Ali points to his letter to the DRL bureau chief, but that letter does not satisfy the exhaustion requirement. He does not allege that his December 2022 letter resulted in a written denial, nor can he show that the letter was unresolved six months before the April 2022 filing of the complaint. Compl. Attachment at 13–15, Ex. E, Dkt. 1-1. Further, to the extent that Ali points to his October emails to the DRL bureau chief, *see* Resp. at 7–8, those emails claim to submit a whistleblower complaint against a DRL employee, not a formal tort claim. *See id.* at 10, Ex. D ("I write this to register a whistle blower complaint.")

Fourth, the intentional tort exception bars Ali's claims. The FTCA's waiver of sovereign immunity does not extend to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). This exception covers claims related to interference with employment and defamation, too. *Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 77 (D.D.C. 2005); *Council on Am. Islamic Rels. v. Ballenger*, 444 F.3d 659, 666 (D.C. Cir. 2006). The complaint, though difficult to decipher, alleges a "claim . . . against unlawful termination of contract and false, malicious, and defamatory actions." Compl. II.3. Because these types of claims fall squarely within the intentional tort exception, sovereign immunity shields the defendant. In Ali's response to DRL's motion to dismiss, he states for the first time that his claim is one for "negligence and omission of the defendant to take the necessary action." Resp. at 5. But Ali

cannot amend his complaint through briefing.  *Woytowicz v. George Wash. Univ.*, 327 F. Supp. 3d 105, 119 n. 4 (D.D.C. 2018).

Finally, the Court denies Ali's request to allow him to amend his complaint, *see* Resp. at 8–9, because he has not complied with Rule 15 of the Federal Rules of Civil Procedure and, in any event, it is doubtful that Ali can cure the jurisdictional defects identified here. *See Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1340 (D.C. Cir. 2015); *e.g.*, *Nations v. United States*, 2015 WL 1704195, at *1 (dismissing with prejudice where FTCA foreign-country exception barred claim).

Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 13, is **GRANTED**.  It is further

**ORDERED** that the plaintiff's Complaint, Dkt. 1, is **DISMISSED WITH  PREJUDICE**.

The Clerk of Court is directed to Close this Case.


DABNEY L. FRIEDRICH
United States District Judge

April 8, 2024